# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Case No. 17-3070

JANE DOE, et al.,

Plaintiffs-Appellees

vs.

BROCK HUTCHINSON,

Defendant-Appellant

And

Smith Center Unified School District No. 237

Defendant

Appeal From the United States District Court for the District of Kansas

**The Honorable John Lungstrum District Judge**
**District Court Case No. 16-2801-JWL-GLR**

Appellant's Petition for Panel Rehearing or Rehearing En Banc

Gregory P. Goheen        # 16291
McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas  66101

Attorneys    for    Defendant-Appellant    Brock
Hutchinson and Unified School District No. 237

# TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................... i

    Judicial Authorities ....................................................... ii

    Constitutional and Statutory Authorities ....................................... ii

STATEMENT OF DEFENDANT/APPELLANT .................................... 1

STATEMENT OF FACTS OF APPELLANT ........................................ 2

ARGUMENTS AND AUTHORITIES ................................................. 5

    I.    The decision conflicts with <u>Kisela</u> and <u>White</u> and other decisions decided by this court ........................................................... 5

    II.    The decision misconstrues the facts and law relative to Defendant Hutchinson's application of qualified immunity to Plaintiff's Section 1983 claim against Defendant Hutchinson for alleged sexual harassment in denial of Plaintiff's right to equal protection under the U.S. Constitution.......................................................... 7

CONCLUSION ............................................................. 10

CERTIFICATE OF DIGITAL SUBMISSIONS ................................... 12

# TABLE OF AUTHORITIES

**Judicial Authorities**

Anderson v. Creighton, 483 U.S. 635, 640 (1987) (10th Cir. 1995)..........................5

Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011)..........................................5

Bertsch v. Overstock.com, 684 F.3d 1023, 1025 (10th Cir. 2012)...........................9

City and County of San Francisco v. Sheehan, 575 U.S., ___, ___, 135 S.Ct. 1765, 1775-76 (2015) .................................................................5, 6

Kisela v. Hughes, ___ U.S. ___, 138 S.Ct. 1148, 1152, ___ L.Ed. 2d. ___ (2018) ..................................................................1, 5, 6, 7, 8, 9, 10

Mullenix v. Luna, 577, U.S. ___, ___, 136 S.Ct. 305, 308 (2015)...........................5

O'Shea v. Yellow Technology Services, Inc., 185 F.3d 1093, 1102 (10th Cir. 1999) ..................................................................................9

Sh. A. *ex rel.* J.A. v. Tucumcari Municipal Schools, 321 F.3d 1285, 1289 (10th Cir. 2003)..................................................................................8

White v. Pauly, 580 U.S. ___, 137 S.Ct. 548, 552, 196 L.Ed. 2d. 463 (2017)........... ..................................................................1, 5, 6, 7, 8, 9, 10

**Constitutional and Statutory Authorities**

42 U.S.C. § 1983 ..........................................................................8, 9, 10

## Statement of Defendant/Appellant

Defendant-Appellant Brock Hutchinson ("Defendant Hutchinson") requests this panel to rehear this matter pursuant to Federal Rule Appellate Procedure ("F.R.A.P.") 40, and 10th Circuit Rule 40.1, or that the Court rehear this matter *en banc* pursuant to F.R.A.P. 35 and 10th Cir. R. 35.1.

A panel rehearing or rehearing *en banc* is warranted because the proceeding involves a matter of exceptional importance to public employers and employees concerning the application of and standards for qualified immunity and the panel's decision squarely conflicts with the recent decisions of the U.S. Supreme Court in Kisela v. Hughes, ___ U.S. ___, 138 S. Ct. 1148, 1152, ___ L.Ed.2d. ___ (2018); and White v. Pauly, 580 U.S. ___, 137 S. Ct. 548, 552, 196 L. Ed. 2d 463 (2017). In particular, rehearing is warranted as Kisela was decided after the panel's decision in this case. Alternatively, "consideration by the full court is therefore necessary to secure and maintain uniformity of the court's decisions". F.R.A.P. 35(b)(1)(A).

Based on these recent two (2) decisions by the U.S. Supreme Court, Defendant Hutchinson continues to request that the district court's decision to deny his motion to dismiss Count V of Plaintiff's Complaint (ECF No. 1) based on qualified immunity be reversed and that he be dismissed from this action.

## Statement of Facts of Appellant

Defendant Hutchinson is a high school health and physical education teacher and coach. Plaintiff is a former student at the high school where Defendant Hutchinson teaches. Plaintiff has asserted several claims against Defendant Hutchinson based upon his alleged inappropriate comments and conduct. Specifically at issue in this appeal is Count V of Plaintiff's Complaint (ECF No. 1), pp. 16-17, wherein Plaintiff asserts that Defendant Hutchinson sexually harassed her by asking male students about her sex life and made sexual comments about female students in her presence. See Complaint (ECF No. 1), p. 17 ¶ 114. Plaintiff contends that Defendant Hutchinson's actions constitute sexual harassment in violation of her rights to equal protection providing her with a cause of action under 42 U.S.C. §1983. Defendant Hutchinson, pursuant to Fed.R.Civ.P. 12, filed a motion to dismiss Count V of Plaintiff's Complaint (ECF No. 1) based on qualified immunity. Motion (ECF No. 8). The District Court denied Defendant Hutchinson's motion. Memorandum and Order (ECF No. 17). Defendant Hutchinson appealed from the denial of his motion to dismiss. Notice of Appeal (ECF No. 25).

Because this matter was before the district court on a motion to dismiss, the facts are generally limited to those set forth in Plaintiff's Complaint (ECF No. 1)

which are material to her § 1983 equal protection claim against Defendant Hutchinson (Count V).[1] Those material factual allegations material are as follows:

Defendant Brock Hutchinson is a teacher and coach at Defendant USD 237. Complaint (ECF No. 1) p. 2 ¶ 5. Defendant Hutchinson was acting within his scope an employment as a teacher and coach of Defendant USD 237. Complaint (ECF No. 1) p. 2 ¶ 6. Plaintiff is a female student who began attending Smith Center high school in the fall of 2013. Complaint (ECF No. 1) p. 3 ¶ 19. Plaintiff dated a Smith Center high school student who wrestled for Coach Hutchinson. Complaint (ECF No. 1) p. 3 ¶ 20.

With specific regard to Defendant Hutchinson's alleged conduct toward Plaintiff or in Plaintiff's presence, Plaintiff asserts that[2]:

Starting in late December of 2014, Coach Hutchinson begin inquiring of [her] boyfriend in the presence of other District students what kind of sexual acts [she] had performed. Complaint (ECF No. 1) p. 3 ¶ 21. Then, in late December of 2014, during a gym class overseen by Coach Hutchinson, a ball rolled between [her] legs, prompting Coach Hutchinson to state to the entire class words to the effect of: 'Don't worry about [her], she's used to having balls between her

---

[1]    These facts are also summarized by the District Court on pp. 2-3 & 4-5 of its Memorandum and Order (Dkt. No. 17), and by the Circuit on pp. 2-3 & 7-8 of its Order and Judgement.

[2]    Defendant Hutchinson expressly denies these allegations but recognizes that they must be considered as true at this stage of the litigation.

legs.' Complaint (ECF No. 1) p. 4 ¶ 22. Coach Hutchinson continued to make inquiries about Jane Doe's sexual habits and also started calling her "dumb" in class, discouraging her from attending athletic events, glaring at her in public and then, once, sat on her feet in an effort to get her to leave a wrestling match. Complaint (ECF No. 1) p. 4 ¶ 23. Thereafter, Coach Hutchinson continued, as he previously had, in making sexual comments in front of supervisors and students, including Jane Doe, about other female students; he spoke to students about his own sexual acts; and he made sexually suggestive comments to female students. Complaint (ECF No. 1) p. 4 ¶ 27. For example, Coach Hutchinson boasted at school about how many times he had talked female students into removing their shirts and engaging in activities only in their sports bras. Complaint (ECF No. 1) p. 4 ¶ 28.

In March of 2016, while in Coach Hutchinson's classroom, a male student made a crude sexual comment to Jane Doe, which prompted Hutchinson to state words to the effect of "Don't joke with [Jane Doe] like that. You're going to have her mom riding my ass again. Complaint (ECF No. 1) p. 5 ¶ 30. At approximately the same time, Hutchinson approached the father of Jane Doe's boyfriend and urged him to keep his son away from her because she was a "troublemaker". Complaint (ECF No. 1) p. 5 ¶ 31. The next month, during the summer of 2016,

Coach Hutchinson stared down Jane Doe while she moved from aisle to aisle at a Dollar General store in Smith Center." Complaint (ECF No. 1) p. 6 ¶ 39.

## Argument and Authorities

### I. The decision conflicts with <u>Kisela</u> and <u>White</u> and other decisions decided by this court.

The U.S. Supreme Court has repeatedly reversed or vacated opinions of this Circuit and its sister Circuits which have employed an erroneous and overly general qualified immunity analysis. <u>See Kisela</u>, 138 S. Ct. at 1152; <u>White</u>, 137 S. Ct. at 552; <u>see also</u> <u>Mullenix v. Luna</u>, 577 U.S. \_\_\_, \_\_\_, 136 S. Ct. 305 at 308, 193 L.Ed. 2d 255 (2015); and <u>City and County of San Francisco v. Sheehan</u>, 575 U.S. \_\_\_, \_\_\_, 135 S. Ct. 1765, 1775-76, 191 L.Ed.2d 856 (2015) (collecting cases). Both the panel and the district court denied Defendant Hutchinson qualified immunity in spite of any precedent which would satisfy the standard established by this U.S. Supreme Court precedent. In <u>White</u>, 137 S.Ct. at 549, the U.S. Supreme Court stated:

> Today, it is again necessary to reiterate the longstanding principle that "clearly established law" should not be defined "at a high level of generality." <u>Ashcroft v. al-Kidd</u>, 563 U. S. 731, 742 (2011). As this Court explained decades ago, the clearly established law must be "particularized" to the facts of the case. <u>Anderson v. Creighton</u>, 483 U. S. 635, 640 (1987). Otherwise, "[p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." <u>Id.</u>, at 639.

The issue here remains that Plaintiff, the district court and now the panel have done precisely what <u>White</u> prohibits – use a generalized legal phrase such as "sexual harassment" – without providing a particularized factual context demonstrating that the conduct in question actually rises to the level of a constitutional violation actionable under § 1983 and that the law with regard to such particularized facts was clearly established by U.S. Supreme Court or Tenth Circuit precedent.

Barely a year after <u>White</u> and shortly after the panel's decision in this case, the U.S. Supreme Court again took up its previously articulated qualified immunity standards in <u>Kisela</u>. In <u>Kisela</u>, the Court expressly states that it has " 'repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality.' " <u>Kisela</u> 138 S. Ct. at 1152 (<u>quoting</u> <u>City and County of San Francisco</u>, 135 S.Ct. at 1775–1776 (internal citations omitted)). The Court went on to re-emphasize that "constitutional guidelines seem inapplicable or too remote, it does not suffice for a court simply to state that an officer may not use unreasonable and excessive force, deny qualified immunity, and then remit the case for a trial on the question of reasonableness." <u>Id</u>. at 1153. The Court of Appeals was further criticized for determining that its own precedent clearly established that a constitutional violation occurred. <u>Id</u>.

Here, the panel's decision misconstrues this standard in a decision that conflicts with Supreme Court precedent by applying generalized standards as

evidence that the law was clearly established sufficient to deny Defendant Hutchinson qualified immunity. The Supreme Court's occasion to again take up the qualified immunity standard so recently after <u>White</u> highlights the exceptional importance of the issue.

The district court ignored completely ignored <u>White</u>. While the panel acknowledges <u>White</u> and its holding, it failed to apply it to the present case. Order and Judgment, p. 10 (ECF No. 01019967562). Specifically, the panel "failed to identify a case where [a school teacher] acting under similar circumstances as [Defendant Hutchinson] was held to have violated the [equal protection clause of the Fourteenth] Amendment." <u>White</u> at 552. Instead, the panel, to support its ultimate conclusion that the law was clearly established at the time of Defendant Hutchinson's alleged conduct, cites to cases that support such a conclusion only at "a high level of generality" rather than based on "particularized to the facts" of this case. This err is contrary to the binding precedent of the U.S. Supreme Court and should be corrected upon rehearing.

**II. The decision misconstrues the facts and law relative to Defendant Hutchinson's application of qualified immunity to Plaintiff's § 1983 claim against Defendant Hutchinson for alleged sexual harassment in denial of Plaintiff's right to equal protection under the U.S. Constitution.**

As with the "excessive force" type claims at issue in <u>Kisela</u> and <u>White</u>, the definition of what constitutes "sexual harassment" sufficient to constitute an

actionable equal protection claim under the Fourteenth Amendment has developed over time.  It is certainly well established that, in general, both "excessive force" and "sexual harassment" can both provide a basis for an actionable constitutional violation pursuant to § 1983.  However, as both Kisela and White clearly instruct, the issue is not whether "excessive force" or "sexual harassment", which are nothing more than conclusory, generalized descriptions of certain categories of conduct, are actionable, the issue, for qualified immunity purposes, is whether there exists any U.S. Supreme Court or Tenth Circuit precedent which presents "particularized facts" which are sufficiently similar to the facts alleged by Plaintiff in this case to have placed Defendant Hutchinson on notice that his alleged conduct would violate Plaintiff's equal protection rights under the Fourteenth Amendment.  No such precedent exists.

The panel relies heavily on Sh.A. ex rel. J.A. v. Tucumcari Mun. Schools, 321 F.3d 1285 (10th Cir. 2003).  However, Sh.A. involved allegations that a teacher had physically touched students during tutoring sessions on their chests, backs and thighs.  No such facts are alleged in this case and the factual circumstances in Sh.A. cannot be said to be "particularized to the facts" of this case as required by Kisela and White.

Recognizing this, the panel suggests that Sh.A. also supports the generalized statement that "a reasonable teacher would have known in the spring of 1997 that

sexual harassment which gives rise to a violation of equal protection in the employment context will also do so in the teacher on student context." This type of generalized extrapolation is not permissible under <u>Kisela</u> or <u>White</u>, but, assuming that it somehow was, the most this would do is extend the type of cases that could constitute U.S. Supreme Court or Tenth Circuit precedent necessary to establish that the law was clearly established for qualified immunity purposes beyond just those § 1983 equal protection cases involving a teacher/student to also include those § 1983 equal protection cases involving an supervisor/employee.

Significantly, the panel does not cite to any § 1983 equal protection cases involving a supervisor/employee to support its conclusion that the law was clearly established sufficient to deny Defendant Hutchinson qualified immunity. Instead, the panel cites to two Title VII employment cases which did not involve § 1983 equal protection claims: <u>O'Shea v. Yellow Technology Services, Inc.</u>, 185 F.3d 1093, 1102 (10th Cir. 1999) and <u>Bertsch v. Overstock.com</u>, 684 F.3d 1023, 1025 (10th Cir. 2012). Neither of these cases even involved claims against an individual supervisor and were instead directed solely at the employer. These cases are simply insufficient under the U.S. Supreme Court's recently articulated standards for qualified immunity.

## Conclusion

The only claim at issue for purposes of this appeal is Plaintiff's claim against Defendant Hutchinson, as set for the in Count V of her Complaint (ECF No. 1), that his actions constitute sexual harassment in violation of her rights to equal protection providing her with a cause of action under 42 U.S.C. § 1983. The question is not whether his alleged conduct was in good taste or inappropriate or even whether it might provide a basis for some other type of claim whether premised on some other statutory or constitutional provision or common law tort. Nor is the question, at this point, whether the facts as alleged state a viable equal protection claim under § 1983 as this question was resolved by the panel and no further review is sought on that part of the panel's decision. See Order and Judgment (ECF No. 01019967562), pp. 5-9. The question is whether Defendant Hutchinson was entitled to qualified immunity because no U.S. Supreme Court or Tenth Circuit precedent exists which held that a teacher alleged to have engaged in the same "particularized" facts as Defendant Hutchinson was liable for sexual harassment in violation of a student's rights to equal protection under 42 U.S.C. § 1983. Such a "particularized" factual showing is required by the U.S. Supreme Court based on its recent holdings in Kisela and White. Accordingly, rehearing or rehearing *en banc* is warranted and Defendant Hutchinson should be held qualified immune from Plaintiff's § 1983 equal protection claim.

Respectfully submitted,

McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas  66103
Telephone:  (913) 371-3838
Telefax:      (913) 371-4722

/s/ Gregory P. Goheen
Gregory P. Goheen          # 16291

Attorneys for Defendant-Appellant, Brock
Hutchinson

## CERTIFICATE OF DIGITAL SUBMISSIONS

I hereby certify that no privacy redactions were necessary and every document submitted in Digital Form or scanned PDF format is an exact copy of the written document filed with the Clerk, and;

The digital submissions have been scanned for viruses with a commercial virus scanning program, Sophos Endpoint Protection, version 5.3 and according to the program, is free of viruses.

/s/ Gregory P. Goheen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that pursuant the above and foregoing petition for panel rehearing or rehearing *en banc* was served electronically through the Court's ECF system, on this 13th day of April, 2018, addressed to:

Dan Curry
Sarah Brown
Brown & Curry, LLC
406 W. 34th Street, Suite 810
Kansas City, MO 64111


and pursuant to 10TH CIR.R. 35.4, six (6) copies of the above and foregoing petition for panel rehearing or rehearing *en banc* were deposited in the United States mail, first class, postage prepaid, for filing with the U.S. Court of Appeals for the Tenth Circuit, on this 13th day of April, 2018, addressed to:

Clerk of Court
United States Court of Appeals Tenth Circuit
Office of the Clerk
Byron White U.S. Courthouse
1823 Stout Street
Denver, Colorado  80257


/s/ Gregory P. Goheen

FILED
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**March 30, 2018**

Elisabeth A. Shumaker
**Clerk of Court**

---

JANE DOE, minor; ANGELA
HARRISON, Jane Doe's mother, as next
friend,

     Plaintiffs - Appellees,

v.

BROCK HUTCHINSON,

     Defendant - Appellant,

and

USD 237, THE SMITH CENTER
SCHOOL DISTRICT,

     Defendant.

No. 17-3070
(D.C. No. 2:16-CV-02801-JWL-GLR)
(D. Kan.)

---

### ORDER AND JUDGMENT[*]

---

Before **LUCERO, KELLY,** and **MATHESON,** Circuit Judges.

---

Brock Hutchinson appeals the district court's denial of his motion to dismiss

based on qualified immunity. We conclude that Jane Doe adequately pled a violation

of her equal protection rights, and that the law regarding hostile school environment

claims was sufficiently clear as to put any reasonable teacher on notice that the

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alleged conduct was a violation. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

We draw the following facts from the complaint. Hutchinson is a teacher and football coach at Smith Center High School, located in Smith Center, Kansas. Doe began attending the school in Fall 2013. She alleges that Hutchinson routinely and openly spoke to and about female students in sexualized terms. She claims that Hutchinson's conduct had been ongoing for several years, and that it was common knowledge among school employees that Hutchinson had been involved in an inappropriate relationship with an underage student prior to Doe's enrollment at the school.

Doe cites several examples of Hutchinson's misconduct. Beginning in December 2014, Hutchinson began asking Doe's boyfriend, while in the presence of other students, what sexual acts Doe performed. He continued making such inquiries throughout the year. During a gym class, a ball rolled toward Doe. Hutchinson announced to the class, "Don't worry about [Doe], she's used to having balls between her legs." Hutchinson requested that another female student in his gym class "twerk" while she was doing a handstand. He boasted about having talked female students into removing their shirts and engaging in activities in only their sports bras. Even after Doe complained to school officials, Hutchinson continued making sexual comments in front of Doe and other students, and spoke to students about his own sexual acts.

2

Doe alleges that Hutchinson engaged in other forms of harassing behavior as well. He began calling Doe "dumb" in class. Hutchinson discouraged Doe from attending school sporting events, glared at her in public, and on one occasion sat on her feet in an effort to get her to exit a wrestling match. He told the father of Doe's boyfriend to keep his son away from Doe because she was a "troublemaker." He also stated to a male student who made a crude comment to Doe, "You're going to have her mom riding my ass again." Doe claims she was excluded from a school track meet by a different coach because of her complaints, and that she suffered retaliation and bullying from other students after Hutchinson told them he might be fired. As a result of this harassment, Doe withdrew from the school in October 2016.

Doe and her mother, as next friend, filed suit against Hutchinson and his employer, USD 237, advancing claims under Title IX of the Education Amendments of 1972, and 42 U.S.C. § 1983 for violation of Doe's due process and equal protection rights. Hutchinson moved to dismiss the claims asserted against him, arguing that he is entitled to qualified immunity. The district court granted the motion as to Doe's due process claim, but denied qualified immunity on her equal protection claim. Hutchinson filed a timely notice of appeal.

## II

A "district court's order rejecting qualified immunity at the motion-to-dismiss stage of a proceeding is a 'final decision' within the meaning of § 1291." Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009). This rule flows from the doctrine that qualified immunity protects from trial, not just from judgment, and would thus be lost if an

3

interlocutory appeal were not permitted. Mitchell v. Forsyth, 472 U.S. 511, 525-526 (1985). In deciding interlocutory qualified immunity appeals we are limited to purely legal issues and may not review factual disputes. Ortiz v. Jordan, 562 U.S. 180, 188 (2001). We review a district court's determination as to qualified immunity de novo. Farmer v. Perrill, 288 F.3d 1254, 1259 (10th Cir. 2002). To determine whether a defendant is entitled to qualified immunity, the court must answer two questions: (1) whether a defendant's conduct violated plaintiff's constitutional rights; and (2) whether the right at issue was clearly established. Roska ex rel. Roska v. Peterson, 328 F.3d 1230, 1239 (10th Cir. 2003).

Because this appeal stems from the denial of a motion to dismiss, we accept as true all well-pled factual allegations in the complaint and view them in the light most favorable to the plaintiff. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quotation omitted). "[I]n examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).

4

## A

We agree with the district court that Doe has adequately pled a constitutional violation. "Denials of equal protection by a municipal entity or any other person acting under color of state law are actionable under 42 U.S.C. § 1983." Murrell v. Sch. Dist. No. 1, Denver, Colo., 186 F.3d 1238, 1249 (10th Cir. 1999). "It is well established in this circuit that sexual harassment by a state actor can constitute a violation of the equal protection clause." Id.; see also Starrett v. Wadley, 876 F.2d 808, 814 (10th Cir. 1989) (holding that "sexual harassment of the sort alleged by plaintiff can violate the Fourteenth Amendment right to equal protection of the laws").

One form of actionable sexual harassment is "hostile environment harassment." Escue v. N. Okla. Coll., 450 F.3d 1146, 1157 (10th Cir. 2006) (quotation omitted). To prevail on such a claim, a plaintiff must show that the defendant's "conduct was sufficiently severe or pervasive as to interfere unreasonably with her school performance and create a hostile or abusive educational environment." Id. The severe or pervasive inquiry "should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998) (quotation omitted).[1] Accordingly, the analysis "depends on a constellation of

---

[1] As explained further infra, we consider employment cases as well as educational cases as relevant to the hostile environment standard because "sexual harassment which gives rise to a violation of equal protection in the employment

surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed." Oncale, 523 U.S. at 82. Two such considerations are "the ages of the harasser and the victim." Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 651 (1999).

Hutchinson contends the complaint is insufficient to establish a violation because Doe alleges only a single explicitly gender-based comment that was directed toward her. This argument rests on three mistaken premises. First, "[f]acially neutral abusive conduct can support a finding of gender animus sufficient to sustain a hostile . . . environment claim when that conduct is viewed in the context of other, overtly gender-discriminatory conduct." O'Shea v. Yellow Tech. Servs., Inc., 185 F.3d 1093, 1097 (10th Cir. 1999). "This is because what is important in a hostile environment claim is the environment, and gender-neutral harassment makes up an important part of the relevant . . . environment." Chavez v. New Mexico, 397 F.3d 826, 833 (10th Cir. 2005).

Second, "incidents of sexual harassment directed at [students] other than the plaintiff can be used as proof of the plaintiff's claim of a hostile . . . environment." Hicks v. Gates Rubber Co., 833 F.2d 1406, 1415 (10th Cir. 1987); see also Nieto v. Kapoor, 268 F.3d 1208, 1219 n.7 (10th Cir. 2001) ("A finding of pervasiveness or severity need not rest solely on actions aimed directly at a plaintiff, however, but

---

context will also do so in the teacher-on-student context." Sh.A. ex rel. J.A. v. Tucumcari Mun. Schs., 321 F.3d 1285, 1289 (10th Cir. 2003).

may also consider harassment of others . . . .”).  Doe may rely on evidence that Hutchinson directed gender-based comments to other students to help establish a general atmosphere of harassment “provided she was aware of such conduct.” Hirase-Doi v. U.S. W. Commc’ns, Inc., 61 F.3d 777, 782 (10th Cir. 1995), abrogated on other grounds by Burlington Indus. v. Ellerth, 524 U.S. 742 (1998), and Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

Third, Hutchinson’s argument fails to recognize that sexually charged comments, even if not directly about gender, qualify as gender-related under our case law.  See O’Shea, 185 F.3d at 1099 (comments in which co-worker “compared his wife to a Playboy magazine and described a dream about a naked woman jumping on a trampoline” are related to “gender or sexual animus”); Penry v. Fed. Home Loan Bank of Topeka, 155 F.3d 1257, 1263 (10th Cir. 1998) (comments comparing the shape of a roof to breasts and a trip to a Hooters restaurant “have gender-related implications”).  Although we do not impose “a general civility code,” Oncale, 523 U.S. at 80, we include comments and actions that are inherently sexual in nature under the rubric of “gender-related.”

With these principles in mind, we conclude that the complaint sufficiently alleges a pervasively hostile environment.  Although Hutchinson argues that he directed only a single gender-based comment toward Doe, the complaint contains much more.  It alleges that Hutchinson “routinely and openly” spoke to and about female students in sexualized terms, and that he spoke about his own sexual acts in front of students including Doe.  Doe provides three examples:  (1) Hutchinson’s

7

crude statement, made in front of Doe's gym class, that she was "used to having balls between her legs"; (2) his request that another female gym student engage in a sexually suggestive dance; and (3) his boasting that he frequently convinced female students to remove their shirts and engage in activities only in their sports bras. In addition, Hutchinson repeatedly encouraged Doe's boyfriend to share details of Doe's sexual history with other students.[2] He called her dumb, discouraged her from attending events, sat on her feet in an effort to get her to leave an athletic event, and disparaged her to her boyfriend's father. Doe was subject to bullying and eventually withdrew from the school.

These allegations plausibly suggest a pervasively hostile environment and thus suffice at the motion to dismiss stage. See Iqbal, 556 U.S. at 678; Escue, 450 F.3d at 1157. They provide far more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678. Doe's citation to numerous specific examples of Hutchinson's alleged pattern of misconduct provides the notice to Hutchinson required by Fed. R. Civ. P. 8.

Moreover, in assessing the requisite degree of severity or pervasiveness to support a hostile environment claim, we must be mindful of "surrounding circumstances, expectations, and relationships," Oncale, 523 U.S. at 81, including

---

[2] Hutchinson claims that the inquiries into Doe's sexual behavior cannot be considered in the harassment calculus without prohibiting high school teachers from conducting health classes or making private, appropriate inquiries out of concern for students' wellbeing. We disagree. Construing the complaint in the light most favorable to Doe, see Smith, 561 F.3d at 1098, Hutchinson's inquiries were made either for his own prurient interest or in an effort to demean Doe in front of other students.

"the ages of the harasser and the victim," <u>Davis</u>, 526 U.S. at 651. Hutchinson's role as high school teacher obviously requires greater sensitivity toward students than would be required as between coworkers. See <u>Oncale</u>, 523 U.S. at 82 ("Common sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing or roughhousing among members of the same sex, and conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive."). In light of all the circumstances as alleged in the complaint, we conclude Doe has plausibly made out a § 1983 claim.

**B**

Hutchinson also appeals the district court's conclusion on the second prong of the qualified immunity analysis. For the law to be "clearly established," there ordinarily must be a Supreme Court or Tenth Circuit opinion on point or the clearly established weight of authority from other circuits must point in one direction. <u>Medina v. City & Cty. of Denver</u>, 960 F.2d 1493, 1498 (10th Cir. 1992) <u>overruled on other grounds by</u> <u>Morris v. Noe</u>, 672 F.3d 1185, 1197 n.5 (10th Cir. 2012). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the pre-existing law the unlawfulness must be apparent." <u>Mimics, Inc. v. Vill. of Angel Fire</u>, 394 F.3d 836, 842 (10th Cir. 2005) (quotations omitted). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation."

Cortez v. McCauley, 478 F.3d 1108, 1114 (10th Cir. 2007) (en banc) (quotations omitted).

Hutchinson relies heavily on White v. Pauly, 137 S. Ct. 548 (2017), which stated it was "again necessary to reiterate the longstanding principle that clearly established law should not be defined at a high level of generality" but instead "particularized to the facts of the case." Id. at 552 (quotations omitted). That case reversed a decision of this court denying qualified immunity to officers because it "failed to identify a case where an officer acting under similar circumstances as [defendants] was held to have violated the Fourth Amendment." Id. It held that "general statements of the law" are not sufficient to "create clearly established law outside an obvious case." Id. (quotation omitted).

We have previously held "the law holding that sexual harassment is actionable as an equal protection violation has long been clearly established." Sh.A., 321 F.3d at 1288. In Sh.A., defendant was a fifth-grade teacher who repeatedly touched two boys in his class. He "put his hand down the inside of the boys' shirts and rubbed their chests and backs, and put his hand under their shorts and rubbed their legs from mid-thigh almost up to the point where their legs joined their bodies." Id. at 1286. We rejected the defendant's argument that he was entitled to qualified immunity because "the contours of an equal protection claim by a student on the basis of sexual harassment by a teacher were [not] clearly established in 1997 and 1998 when the conduct at issue took place," holding that "a reasonable teacher would have known in the spring of 1997 that sexual harassment which gives rise to a violation of equal

protection in the employment context will also do so in the teacher-on-student context." Id. at 1288-89.

Hutchinson argues that because the facts alleged in the complaint differ from those at issue in Sh.A., which involved physical touching, he is entitled to qualified immunity under Pauly. But Sh.A. did more than hold that the facts presented violated plaintiffs' equal protection rights, it clearly established the proposition that "sexual harassment which gives rise to a violation of equal protection in the employment context will also do so in the teacher-on-student context." Id. At the time of Hutchinson's alleged conduct, we had repeatedly held in the employment context that sexual harassment was an actionable equal protection theory. See, e.g., Starrett, 876 F.2d at 814; Johnson v. Martin, 195 F.3d 1208, 1217 (10th Cir. 1999). And we had applied that rule to hostile environment claims, explaining that "[t]he law on discrimination arising from a hostile environment in the workplace is well established," having been fleshed out by numerous decisions from the Supreme Court and this court with respect to § 1983 and Title VII. Nieto, 268 F.3d at 1217-18.

Accordingly, the question is not whether the facts of Sh.A. were sufficiently similar to those alleged in Doe's complaint, but whether our case law would make it clear to reasonable officials that Hutchinson's alleged conduct created a hostile environment. We have already concluded that Doe's allegations sufficiently allege a pervasively hostile environment. The law was clearly established that Hutchinson's full course of conduct may be considered, including statements that were not explicitly gender-based and those made to others of which Doe was aware. See

Chavez, 397 F.3d at 833; Hicks, 833 F.2d at 1415. As was the proposition that we must consider context including "the ages of the harasser and the victim." Davis, 526 U.S. at 651. Moreover, our hostile environment jurisprudence includes many cases not involving physical contact. See, e.g., O'Shea, 185 F.3d at 1098-99 (defendant made generalized derogatory comments about women, told others plaintiff was incompetent, told coworkers about a sexual dream, and compared his wife to a Playboy magazine); Bertsch v. Overstock.com, 684 F.3d 1023, 1025-26, 1028 (10th Cir. 2012) (coworker said the department would be better if males were doing the job, had a poster of a scantily clad woman in his cubicle, ridiculed plaintiff in meetings, and refused to look at her).

In light of the foregoing, we conclude that any reasonable high school teacher would have understood that the conduct alleged created a hostile environment in violation of Doe's equal protection rights.

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge